UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**PETER D. TEMPLETON**,

Petitioner,

v.

**TIMOTHY O'DELL**, Warden CCA/PCF,

Respondent.

Civil No. 01-1285 (JRT/JGL)

**O R D E R**

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Respondent's Motion to Substitute Jon E. Litscher as Respondent (Doc. No. 3) and Petitioner's Motion to Stay the Proceedings (Doc. No. 6). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**A. <u>Jon E. Litscher's Motion to be Substituted as Respondent</u>**

Petitioner Templeton is currently in custody pursuant to a criminal judgment of conviction entered in the Circuit Court for Dane County, Wisconsin. However, Petitioner is incarcerated in the Prairie Correctional Facility (PCF) in Appleton, Minnesota, by reason of a contractual arrangement with the Wisconsin Department of Corrections. The presently-named Respondent is Timothy O'Dell, who is the Warden at PCF. Mr. Litscher, the Secretary of the Wisconsin Department of Corrections, moves to be substituted

FILED [illegible] 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

as Respondent, arguing that the legal custodian rather than the physical custodian should be the named Respondent.

Federal courts may entertain 28 U.S.C. § 2254 petitions on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Habeas corpus acts upon "the person who holds [the prisoner] in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973) (citation omitted). The writ is properly directed to the "jailer." See id. at 495. A court must have in personam jurisdiction over the warden of the prison in which the prisoner is incarcerated to entertain a habeas petition. See id.; In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir. 1988) (citation omitted). Therefore, a prisoner must file his petition in the district where he is incarcerated. See id.; Demos v. Clinton, Civ. A. No. 94-1057, 1994 WL 238833, at *1 (D.D.C. May 16, 1994) (holding that a habeas petition must be filed "in the state with actual custody over the prisoner"). Federal case law consistently indicates that the proper respondent in habeas corpus proceedings is the warden at the facility where the petitioner is physically confined. See, e.g., McCoy v. United States Bd. of Parole, 537 F.2d 962, 964 (8th Cir. 1976).

Consequently, in this case, the Court will not allow Jon E. Litscher to replace Timothy O'Dell as Respondent. However, Mr. Litscher probably

qualifies as Petitioner's "legal custodian" in some aspect, and Mr. Litscher therefore has some interest in these proceedings. Therefore, the Court orders Mr. Litscher to be joined as a Respondent in this case, and henceforth, Mr. O'Dell and Mr. Litscher shall appear as co-Respondents. See Adams v. Brill, Civ. No. 00-106 (D. Minn. Mar. 31, 2000) (Lebedoff, Mag. J.) (order granting in part and denying in part motion to substitute and deeming Mr. Brill, then Warden of PCF, and Mr. Litscher co-Respondents).

**B. Petitioner's Motion to Stay the Proceedings**

Petitioner Templeton requests a stay of the proceedings in this matter to give him time to further support his original petition. Petitioner cites Respondent O' Dell's failure to file a response as the reason for this request. However, in the thirteen days that have elapsed since Petitioner's request was filed, Mr. O' Dell has filed his response to the original petition in the form of a motion to dismiss. Therefore, Petitioner's motion to stay the proceedings is denied.

However, since both Respondents have filed motions to dismiss, Petitioner should be allowed the opportunity to respond to those motions. District of Minnesota Local Rule 7.1 addresses civil motion practice. The Rule requires all dispositive motions involving pro-se litigants to be filed twenty-eight days prior to the hearing. See D. Minn. LR 7.1(b)(1)(A). The non-moving party, in this case Petitioner Templeton, must then file his response at least

nine days prior to the hearing. See D. Minn. LR 7.1(b)(1)(B). Since there is no hearing scheduled on this matter, a logical interpretation of the rules is that Petitioner's response to Respondents' motions must be filed nineteen days after the motions were filed. Since Mr. Litscher's motion was filed on September 4, 2001, this interpretation of the rules would likely result in Petitioner's inability to respond to Mr. Litscher's motion in a timely manner. The Court assumes that Petitioner is not preparing a response to the motion since he is waiting for the Court to rule on his motion to stay the proceedings. Therefore, in light of the fact that Mr. O' Dell has just been added as a Respondent; that Mr. O' Dell has also filed a motion to dismiss; and that Petitioner has a good reason for failing to timely respond to Mr. Litscher's motion to dismiss, the Court orders that Petitioner Templeton shall have until October 5, 2001 to respond to both Mr. Litscher's and Mr. O' Dell's motions to dismiss.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Respondent's Motion to Substitute Jon E. Litscher as Respondent (Doc. No. 3) is **GRANTED IN PART** and **DENIED IN PART**, and Timothy O' Dell and Jon E. Litscher shall be deemed to be co-Respondents in this matter;

(2) Petitioner's Motion to Stay Proceedings (Doc. No. 6) is **DENIED**; and

(3) Petitioner must file any responses to Respondents' motions to dismiss by October 5, 2001.

Dated: September 17, 2000.

JONATHAN LEBEDOFF
United States Magistrate Judge