**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**PETER D. TEMPLETON,**

Petitioner,

v.

**TIMOTHY O'DELL, Warden, PCF; and JON E. LITSCHER, Secretary, Wisconsin Dept. of Corrections,**

Respondents.

---

Civil No. 01-1285 (JRT/JGL)

**REPORT AND RECOMMENDATION**

Peter Templeton, pro se.

Michael D. Oeser, Esq., Assistant Attorney General for the state of Wisconsin, and Robert M. Lewis, Esq., for Respondents.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Mr. Templeton's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), Mr. Templeton's Motion for Release/Bail Pending Determination of Petition (Doc. No. 23), and Mr. Templeton's Motion for Injunctive Relief (Doc. No. 24). Respondents have filed motions to dismiss the petition. (Doc. Nos. 8 & 13). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

For the reasons set forth below, the Court recommends that Mr. Templeton's Petition for writ of habeas corpus be dismissed with prejudice and that Mr. Templeton's other pending motions be denied.

## I. BACKGROUND

Petitioner Templeton appeared in Dane County Circuit Court, Madison, Wisconsin, on August 23, 1990 and entered a plea of "nolo contendre" to state criminal charges of second degree reckless homicide, operating a motor vehicle without the owner's consent, arson, and causing great bodily harm by use of a motor vehicle while intoxicated. Petitioner was sentenced to eighteen years in prison and eight years probation. Petitioner did not appeal from the judgment of conviction. In late 1999 or early 2000, Petitioner was transferred to the Prairie Correctional Facility ("PCF") in Appleton, Minnesota pursuant to a contractual agreement between the Wisconsin Department of Corrections and Corrections Corporation of America, PCF's parent corporation.

Petitioner has filed two previous habeas corpus petitions. The first was filed with the Wisconsin Court of Appeals asserting ineffective assistance of counsel, Brady violations, and the withholding of exculpatory evidence. The case was sent back to the circuit court for an evidentiary hearing. In 1995, the circuit court found that there were no grounds to grant Petitioner's writ. Petitioner did not appeal to the highest state court.

Petitioner's second habeas petition, his first federal petition, ("first habeas petition") was filed in Minnesota District Court and alleged that Petitioner's transfer to Minnesota violated state and federal extradition laws; deprived Petitioner of his liberty interest without due process; was inconsistent with his sentencing order which committed him to "the Wisconsin prison system;" violated the "Rehabilitation Act," the ADA, and RICO laws; violated his Fourth Amendment rights; violated his right Constitutional right to equal protection under the law; and resulted in "slavery" in violation of the Thirteenth Amendment. The petition was dismissed with prejudice. See Templeton v. Brill, No. 00-403 (D. Minn. Sept. 25, 2001).

## II. DISCUSSION

In the instant case, Petitioner seeks a writ of habeas corpus alleging (1) that his confinement at PCF is illegal because it violates his federal and state citizenship rights, and (2) his confinement amounts to a bill of attainder in violation of the United States Constitution and Minnesota public policy.

Although they are a bit hard to understand, Petitioner's arguments all seem to hinge on the assertion that since Petitioner has not been convicted of violating the laws of Minnesota, Minnesota has no right to confine him to a prison within the state in violation of the Equal Protection Clause. Petitioner also states that the Constitution does not require Minnesota to enforce the criminal laws of Wisconsin. Petitioner further asserts that since he wishes to

renounce his Wisconsin citizenship and become a citizen of Minnesota, his petition is not successive and his instant claims are distinct from the claims he brought in his first habeas petition.

Respondents assert that the instant petition must be dismissed because, by his own admission, Petitioner failed to exhaust his available state remedies before filing this petition. Even if Petitioner were not required to exhaust available state remedies, Respondents assert that Petitioner's writ must be dismissed because Petitioner has abused the writ of habeas corpus by presenting essentially the same claims which he presented in his first habeas petition, and because any arguably new claims could have been brought in the first petition. Respondents further assert that even if Petitioner's claims meet the exceptions listed in 28 U.S.C. § 2244(b), Petitioner never obtained permission from the Circuit Court to proceed on the claims as required by statute.

**A. Failure to Exhaust State Remedies**

Mr. Templeton filed the instant petition under 28 U.S.C. § 2241. However, the Eighth Circuit has held that state prisoners may seek habeas corpus relief only under 28 U.S.C. § 2254. See Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001). Under §2254, petitioners are required to exhaust all available state remedies or demonstrate that there is no available state remedy before they may petition for a writ of habeas corpus. See 28 U.S.C.

§ 2254(b)(1)(A),(B)(i). Therefore, the Court finds that it must deny Petitioner's writ because Petitioner failed to exhaust existing state remedies.

The case at the bar is similar to Abordo v. O'Dell, No. 01-2296, 2001 WL 1529746 (8th Cir. Dec. 4, 2001) (unpublished opinion). In Abordo, the petitioner was sentenced in a Hawaiian state court, but was later transferred to PCF in Minnesota. Mr. Abordo filed a writ of habeas corpus claiming, inter alia, that his confinement in Minnesota resulted in constitutional violations, and that he had never been committed to incarceration under Minnesota law. See Abordo, 2001 WL 1529746 at *1. Relying on Crouch v. Norris, the Eighth Circuit held that although Mr. Abordo brought his suit under 28 U.S.C. § 2241, the only vehicle for attacking his confinement pursuant to a state court judgment was 28 U.S.C. § 2254. See id. The Eighth Circuit denied Mr. Abordo's claim on that basis.[1] See id.

In the instant case, Petitioner states that the Court must entertain his writ under § 2241 because he "has no access to the courts of any state concerning the grounds of this writ" and he has "been beprived [sic] of any and all state court remedies." (Doc. 1 at 9; Doc. 17 at 2.) The Court is unpersuaded. Petitioner fails to provide any support for these statements and explicitly states that the only time he filed a writ of habeas corpus in a state

---

[1]The Abordo court also went on to dismiss the petition on the merits. See Abordo, 2001 WL 1529746 at **1-2.

court was on other unrelated grounds. (Doc. No. 1 at 4.) Accordingly, Petitioner's writ should be dismissed on this basis.

**B. Denial on the Merits**

Even though Petitioner failed to exhaust state remedies, the Court finds that in this case it is appropriate to address the merits of the petition. 28 U.S.C. § 2254(b)(2) allows a court to sidestep the exhaustion issue if Petitioner's claims will be rejected on the merits.[2] The instant case presents just such a situation. Therefore, the Court will interpret this petition as one brought under 28 U.S.C. §2254, will waive the need for exhaustion, and will recommend dismissing the petition on the merits.

A court shall dismiss a habeas corpus claim which was presented in a prior habeas petition. See 28 U.S.C. §2244(b)(1). The Supreme Court has adopted a "cause and prejudice standard" for determining whether a petitioner has abused the writ of habeas corpus. See McCleskey v. Zant, 499 U.S. 467, 496 (1991). Under this standard, Petitioner must demonstrate that "some objective" external factor prevented him from raising the claim previously. See id. at 493 (citation omitted). These factors may include a showing that the "factual or legal basis for a claim was not reasonably available" at the time of the first petition. Id. at 494 (citation omitted). In this context, the Supreme

[2] 28 U.S.C. § 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Court has cautioned that a petitioner must conduct a reasonable investigation to ensure that his first petition for habeas relief contains "all relevant claims and grounds for relief." Id. at 498. "Omission of the claim will not be excused merely because evidence discovered later might also have supported or strengthened the claim." Id. Most importantly, the McCleskey court held that "abuse of the writ is not confined to instances of deliberate abandonment," and that abuse can occur if a successive petition contains claims which could have been brought in previous petitions. Id. at 489. Once a petitioner has demonstrated that he had good cause for omitting a claim in a previous habeas corpus petition, he must also "show 'actual prejudice' resulting from the errors of which he complains." Id. at 494 (quoting United States v. Frady, 456 U.S. 152, 168 ( 1982)).

In this case, Petitioner argues that he has good cause for not raising the instant issues in his original habeas petition. Petitioner claims that he could not bring his instant claims based on citizenship earlier because he only decided to become a Minnesota resident after he filed his first petition and, therefore, his constitutional rights were not violated until that point.[3] (Doc. 17 at 1.) The Court finds this reasoning deficient. While Petitioner couches his current petition in terms of citizenship, his supporting arguments

[3]Contrary to his assertions, Petitioner did raise the citizenship issue in his first habeas petition. "Ground Eight" of Petitioner's first habeas petition states, in pertinent part, that the petition was based on "[v]iolations of the Constitutions of both Wisconsin and Minnesota, and violations of . . . [the]14th [Amendment] to the U.S. Constitution guaranteed to all citizens." (Templeton v. Brill, No. 00-403, Doc. No. 1 at 9.)

invoke the same constitutional claims raised in his first habeas petition. Apparently, Petitioner feels that choosing to become a Minnesota "citizen" allows him to re-argue the fact that he was never convicted in Minnesota and that it is against public policy to incarcerate him in this state. These issues were decided in Petitioner's first writ of habeas corpus. See Templeton v. Brill, No. 00-403 (D. Minn.). Specifically, Judge Tunheim noted that Wisconsin law authorizes Petitioner's placement in PFC. (Id. at 4, 6.) The Supreme Court has also sanctioned this practice. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

Petitioner supports his current claims by stating that his incarceration in Minnesota after deciding to become a Minnesota citizen violates his right to cqual protection and abridges his citizenship rights granted by the Fourteenth Amendment.[4] These issues were addressed in Petitioner's first habeas petition. Templeton v. Brill, No. 00-403 (D. Minn.). Insofar as the instant claims based on citizenship are arguably different from the claims

---

[4]The Fourteen Amendment to the United States Constitution provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.

contained in the first habeas petition, the Court further finds that the claims are anchored in alleged constitutional deprivations and, therefore, should have been brought in the first habeas petition. See McCleskey, 499 U.S. at 489. Thus, the Court finds that Petitioner has not demonstrated good cause for failing to bring the instant claims in his first habeas petition.

The only arguably new issue Petitioner raises in the instant petition is that his confinement at PFC constitutes a bill of attainder in violation of Art. 1. § 9, cl. 3 of the Constitution. Insofar as the Court has concluded that Petitioner's desire to become a permanent resident of Minnesota has no be bearing on his ability to re-argue alleged Constitutional violations, the Court finds that this argument could have been raised in the first habeas petition. Petitioner has, therefore, waived his right to raise this argument. See McCleskey, 499 U.S. at 489. In this regard, Stewart v. Martinez-Villareal, 523 U.S. 637 (1998), upon which Petitioner relies, can be distinguished. In Stewart, the Supreme Court held that a petitioner is not subject to the bar on successive habeas petitions when his first petition is, for whatever reason, not decided on the merits. See id. at 644-45. That is not the case here. Petitioner's first habeas petition was decided on the merits.[5]

---

[5]The Court acknowledges that at the time the instant petition was filed, a final decision had not yet been made regarding Petitioner's first habeas petition. That petition was dismissed with prejudice on September 25, 2001. Therefore, the Court will not address any arguments Petitioner makes based on the fact that his first habeas petition was not decided on the merits.

If petitioner is arguing that Stewart supports his argument that his claims based on citizenship were not ripe at the time of the first habeas petition and could not be adjudicated at that time, the Court finds this argument without merit. As stated above, the fact that Petitioner considers himself a citizen of Minnesota does not change the fact that he is making the same constitutional arguments he raised in his first habeas petition.

In any event, the Court can easily dispose of this argument. A bill of attainder is "a legislative Act which inflicts punishment on named individuals or members of an easily ascertainable group without a judicial trial." Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (quoting United States v. O'Brien, 391 U.S. 367, 383 n. 30 (1968)). Petitioner's confinement cannot be classificd as a bill of attainder because his incarceration is not a "legislative Act" and because his confinement is the result of a criminal conviction.

Under the second prong of McCleskey, Petitioner must also show that he suffered prejudice from the alleged violations. Petitioner has failed to do so. It is well settled law that states have the right to transfer their prisoners to other states. See Olim, 461 U.S. at 245; Abordo, 2001 WL 1529746, at *1. It follows that the state which receives the prisoner has the right to do so. Moreover, Petitioner does not state any reasons why his incarceration at PCF subjects him to prejudice. Therefore, the Court finds that Petitioner has also failed to satisfy this prong of the McCleskey test. Accordingly, the Court finds that Petitioner's arguments are without merit in that they are either duplicative

of arguments raised in his first habeas petition or that they were available to Petitioner at the time of his first habeas petition and he failed to raise them at that time and has, therefore, waived them. It is therefore recommended that Mr. Templeton's petition for a writ of habeas corpus be denied with prejudice.

**C. <u>Collateral Motions</u>**

Petitioner has filed two collateral motions which must be addressed at this time. First, Petitioner has filed a Motion for Release/Bail Pending Pleading/Determination of Petition (Doc. No. 23). Given the Court's recommendation that Petitioner's habeas corpus petition be denied, it will also recommend that Petitioner's request for release pending determination should be denied. Second, Petitioner has filed a Motion for Injunctive Relief in which Petitioner seeks and order barring his possible transfer back to a Wisconsin prison. (Doc. No. 24.) Since the Court has concluded that Petitioner has no right to serve his sentence in any particular prison in any particular state (Section II.B.), it follows that Petitioner may be transferred back to Wisconsin without violating any laws and without violating Petitioner's rights. Accordingly, it is recommended that Petitioner's Motion for Injunctive Relief should be denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1) Petitioner Templeton's Petition for Writ of Habeas Corpus (Doc. No. 1) should be **DENIED**;

(2) Petitioner Templeton's Motion for Release/Bail Pending Pleading/Determination of Petition (Doc. No. 23) should be **DENIED**;

(3) Petitioner Templeton's Motion for Injunctive Relief (Doc. No. 24) should be **DENIED**; and

(4) The case should be **DISMISSED WITH PREJUDICE**.

Dated: January 18, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by Feb. 6, 2002, a writing which specifically identifies those portions of this Report to which objections are being made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.