**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

PETER D. TEMPLETON,

Petitioner,

v.

TIMOTHY O'DELL, Warden PCF; and JOHN E. LITSCHER, Secretary, Wisconsin Department of Corrections,

Respondents.

Civil No. 01-1285 (JRT/JGL)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Peter Templeton, #192740, Racine Correctional Institution, Sturtevant, WI 53177-0900, *pro se* petitioner

Robert M. Lewis, BEST & FLANAGAN, 225 South Sixth Street, Suite 4000, , Minneapolis, MN, 55402; Michael D. Oeser, WISCONSIN DEPARTMENT OF JUSTICE, 17 Main Street West, PO Box 7857, Madison, WI, 53707-7857, for respondents.

Petitioner Peter Templeton filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the Court on petitioner's objections to the report and recommendation of United States Magistrate Judge Jonathan Lebedoff dated February 6, 2002. Petitioner objects to the recommendation that his application for writ of habeas corpus under 28 U.S.C. § 2241 be construed as an application under 28 U.S.C.

FILED JUL 2 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. JUL 2 9 2002
DEPUTY CLERK

§ 2254 and that the petition be denied.[1] The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set forth below, the Court dismisses petitioner's habeas petition for lack of jurisdiction.

## BACKGROUND

On August 23, 1990, petitioner pled nolo contendre to state criminal charges of second degree reckless homicide, operating a motor vehicle without the owner's consent, arson, and causing great bodily harm by use of a motor vehicle while intoxicated in Wisconsin. He was sentenced to eighteen years in prison and eight years probation. Petitioner did not appeal his conviction. Thereafter, petitioner sought post-conviction relief from the Wisconsin Court of Appeals, asserting claims of ineffective assistance of counsel, *Brady* violations, and the withholding of exculpatory evidence. The Court of Appeals ordered an evidentiary hearing in the circuit court, and the circuit court found there were no grounds to grant a writ. Petitioner did not appeal the decision.

At some point during his incarceration, petitioner was transferred to the Prairie Correctional Facility ("PCF"), a privately operated prison in Appleton, Minnesota, pursuant to a contract between the Wisconsin Department of Corrections and Corrections Corporation of America, PCF's parent corporation. In March 2000, petitioner filed a

[1] The Magistrate Judge also recommended that petitioner's motion for release or bail pending a determination on the petition and petitioner's motion for injunctive relief be denied. Petitioner has not raised any objections to these motions and the Court accordingly adopts the Magistrate Judge's recommended disposition of these motions.

federal habeas petition pursuant to 28 U.S.C. § 2254. In that petition, petitioner claimed that his transfer to PCF violated state and federal extradition laws, violated his rights to due process and equal protection, violated the Fourth Amendment, was inconsistent with his sentencing order which committed him to "the Wisconsin prison system," violated the Rehabilitation Act, the ADA, and RICO, and resulted in slavery in violation of the Thirteenth Amendment. The petition was denied on the merits and dismissed with prejudice. *Order Adopting the Reports and Recommendations of the Magistrate Judge*, Civ. No. 00-403, Sept. 25, 2001 (JRT/JGL).

In July 2001, petitioner filed the present federal habeas petition pursuant to 28 U.S.C. § 2241, alleging that his confinement at PCF is illegal because it violates his citizenship rights and that his confinement is a bill of attainder that violates Article 1 of the United States Constitution and Minnesota public policy.

## ANALYSIS

Although petitioner filed the present petition pursuant to 28 U.S.C. § 2241, recent Eighth Circuit caselaw establishes that a state prisoner "can only obtain habeas relief through [28 U.S.C.] § 2254, no matter how his pleadings are styled." *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Abordo v. O'Dell*, No. 01-2296, 2001 WL 1529746 (8th Cir. Dec. 4, 2001) (per curiam). Accordingly, the petition is subject to the strictures of § 2244(b) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Crouch,* 251 F.3d at 723. Under AEDPA, a petitioner must first obtain permission from

the appropriate court of appeals before a district court can entertain a second or successive petition. 28 U.S.C. § 2244(b)(3)(A) ("before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); *Vancleave v. Norris*, 150 F.3d 926 (8th Cir. 1998); *United States v. Eggleston*, No. 01-3658, 2002 WL 57265 at *1 (8th Cir. Jan. 16, 2002) (unpublished opinion). "Th[is] rule is absolute." *Boykin v. United States*, No. 99-3369, 2000 WL 1610732 at *1 (8th Cir. Oct. 30, 2000) (unpublished opinion) (vacating judgment and remanding case to district court to dismiss for lack of jurisdiction).

In *Vancleave*, a case similar to the present case, the petitioner filed two federal habeas petitions. 150 F.3d at 927. The first was denied on the merits. *Id.* The second petition contained a variety of claims, including some that were raised in his initial petition. *Id.* The district court dismissed the second petition for lack of jurisdiction because Vancleave had not received circuit court authorization to file a second petition. *Id.* The Eighth Circuit affirmed, stating "this petition is a 'second or successive application' under any reasonable construction of § 2244(b) and therefore requires prior circuit court authorization." *Id.* at 928-29.

Applying *Vancleave* to the case at hand, it is clear that the Court does not have jurisdiction to consider petitioner's application. Like *Vancleave*, the claims raised in the first petition were adjudicated on the merits and were dismissed with prejudice. Additionally, petitioner's current petition is a combination of previously raised claims

and new claims that should have been raised previously. Petitioner's claim that incarceration in a state other than the state he was convicted is unlawful was already raised and decided in the first habeas petition and petitioner's second claim that his detention is a bill of attainder in violation of Article I, Section 9 of the United States Constitution could have been raised in the first petition but was not.

Petitioner's contention that his petition is not "second or successive" because he did not decide to become a Minnesota citizen until after the first petition was brought is without merit. Petitioner has simply repackaged his original argument as a citizenship claim. Petitioner also suggests that his petition is not "second or successive" because the first petition was not decided until after he filed the second petition. He argues that the second petition should be interpreted as an amendment to the first petition. The Court disagrees. The record reveals that petitioner twice requested permission to amend his first habeas petition and filed more than 15 other motions, delaying resolution of the case for more than a year. If petitioner had intended to file an amendment rather than a new petition, the Court is confident that he would have done so. Furthermore, even if petitioner had requested permission to file a formal amendment, leave to amend is within the discretion of the court and there is no reason to believe that it would have been granted. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (court did not abuse its discretion in denying leave to amend when petitioner waited until after Magistrate Judge's second Report and Recommendation and the case had already been pending for some time); *Williams v. Delo*, 82 F.3d 781, 784 (8th Cir. 1996).

Thus, for all the foregoing reasons, the Court concludes that the petition is "second or successive" and must be dismissed because petitioner has not obtained the requisite authorization under 28 U.S.C. § 2244(b)(3)(A).[2] *Boykin*, 2000 WL 161732 at *1. The petition is accordingly dismissed for lack of jurisdiction.

## ORDER

Based on the foregoing, the submission of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 41] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 31]. **IT IS HEREBY ORDERED** that:

1. Petitioner petition for writ of habeas corpus [Docket No. 1] is **DISMISSED**.

2. Petitioner's Motion for Release/Bail Pending Pleading/Determination of Petition [Docket No. 23] is **DENIED**.

3. Petitioner's Motion for Injunctive Relief [Docket No. 24] is **DENIED**.

---

[2] Petitioner's claim is also dismissable for failure to exhaust his state remedies. The facts of this case are similar to those in *Abordo*. In that case, the petitioner, a Hawaii state prisoner, who was transferred to PCF in Minnesota, filed a habeas petition pursuant to 28 U.S.C. § 2241, alleging that his confinement in Minnesota was unconstitutional because he had not been convicted of violating Minnesota law. Relying on *Crouch v. Norris*, the Eighth Circuit held that Abordo's petition could only be brought pursuant to 28 U.S.C. § 2254. The court proceeded to conclude that petitioner "failed to prove that he exhausted all available state remedies in Minnesota, as required under section 2254." 2001 WL 1529746 at *1. Likewise, petitioner admits he has not exhausted his state remedies, and his assertion that no state court remedies are available is completely unsupported.

4. In light of the Court's ruling, the other pending motions [Docket Nos. 3, 13, 36 and 40] in this case are **moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 29, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge